The principal issue is whether the City has complied with the legislative act requiring the City to provide a civil service merit system for law enforcement officers.
In 1976, the legislature passed Act No. 372, Acts of Alabama, 1976, Vol. 1, pp. 471-473, codified at § 11-43-180 through -190, Code 1975. Section 11-43-180 provides: "[T]his article is enacted to assure that every municipality in this state shall be provided an acceptable civil service merit system governing the appointment, removal, tenure and official conduct of its law enforcement officers."
Section 11-43-182 provides:
 "Every municipality shall establish, separately or jointly, a civil service merit system governing the appointment, removal, tenure and official conduct of municipal law enforcement officers."
Section 11-43-183 provides:
 "Any municipality failing to establish such a civil service merit system for said law enforcement officers within one year after August 23, 1976 shall, subject to approval of the state personnel board, enter into an agreement with the state director of personnel to furnish the services and facilities of the state personnel department to such municipality in the administration of its law enforcement officers on merit principals [sic]. Any such municipality of the state is hereby authorized to enter into such an agreement." *Page 1312 
Neither did the City of Lanett have a civil service merit system for law enforcement officers, nor had it entered into any agreement with the State of Alabama personnel board as required by § 11-43-183. But, the trial judge held that the City's personnel policy manual satisfied the statute requiring the City to have a civil service merit system for its police department.
The statute does not permit a substitute for a civil service merit system, and, therefore, the trial court erred when it held that the City's personnel policy manual met the requirements of a civil service merit system for law enforcement officers.
The trial court did not rule on the due process issue, and I therefore do not discuss it.
I would reverse and remand and order the City of Lanett to reinstate Robert Chandler into a position in its police department equivalent to the position held by him when he was discharged, with all pay and allowances from the date of dismissal to the date of reinstatement.